UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAZEULS THOMAS ESPINA-PERNIA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-08509-DAD-SCR (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND APPOINTMENT OF COUNSEL AS MOOT</u><br><br>(Doc. Nos. 1, 2, 3, 4) |

On October 16, 2026, proceeding *pro se*, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 3.) On October 20, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the

/////

/////

underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition.[1] (*Id.*)

On October 23, 2026, respondent filed an opposition. (Doc. No. 8.) Respondent does not oppose the court ruling directly on the merits of the underlying petition, (*id.* at 1), and the court will do so based upon the briefing presently before it.

Based on the parties' briefing, the court finds the following facts. On or around September 20, 2022, petitioner entered the United States. (*Id.*) That same day, petitioner was detained by immigration authorities and paroled into this country. (*Id.*; Doc. No. 1 at 12.) Petitioner was re-detained on September 16, 2026, apparently without notice of the reason or an opportunity to contest that re-detention. (Doc. Nos. 1 at 24–25; 8 at 2.)

In its opposition, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) despite acknowledging that petitioner was previously detained and paroled into the United States, that the only relief he is entitled to is a bond hearing, and that he should be required to exhaust his administrative remedies. (Doc. No. 8 at 1–4.)

The court first considers respondent's argument regarding administrative exhaustion and incorporates and adopts its reasoning in *Wu v. Chestnut*, No. 1:26-cv-04953-DAD-SCR (HC), 2026 WL 1906294, at *2 (E.D. Cal. July 2, 2026), where the court waived prudential exhaustion because "administrative exhaustion would not cure the due process violation that petitioner experienced when [he] was detained without notice or an individualized assessment."

The court next considers respondent's argument that petitioner is only entitled to a post-deprivation bond hearing. In light of petitioner's prior release from immigration detention on parole, petitioner was entitled to notice and pre-deprivation process prior to his re-detention,

---

[1] The undersigned has previously warned respondent's counsel that the granting of habeas relief based solely on respondent's failure to distinguish the cases cited in the court's minute order is appropriate. *See Trejo-Fuentes v. Warden, Golden State Annex Ice Detention Facility*, No. 1:26-cv-08571-DAD-CSK, 2026 WL 3205161, at *1 n.1 (E.D. Cal. Oct. 26, 2026). In this case, the court will nonetheless grant the petition for the independent reasons discussed herein. However, respondent's counsel is advised that the time has come when the undersigned will begin granting such habeas petitions solely based upon counsel's continued failure to distinguish the cases cited in the undersigned's minute order issued in every immigration habeas case.

which were not provided in this case. *See Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (finding that the petitioner's prior release on parole by immigration authorities created a liberty interest in his continued release). Accordingly, pursuant to the court's reasoning in *Rocha Chavarria*, the court finds that petitioner is entitled to both his immediate release and an injunction that he may not be re-detained absent notice and a pre-detention hearing before an immigration judge.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Thazeuls Thomas Espina-Pernia, A-File No. 246-040-167, from respondent's custody on the same conditions he was subject to prior to his re-detention on or about September 16, 2026;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;
2. Petitioner's motion to proceed i*n forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting him habeas relief;
4. Petitioner's motion for appointment of counsel (Doc. No. 4) is DENIED as having been rendered moot by this order granting him habeas relief;

/////

/////

/////

/////

/////

5. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE